U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 FEB 12 PM 4: 14

BY _____
CLERK
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KEREN SITA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-389 |
| ) | |
| BARRY MEINTERTH; MARCIA ) | |
| MEINTERTH; AIRBNB, INC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**
(Docs. 5, 7)

This case is one of eight cases recently filed by Ms. Sita, a Vermont resident representing herself. These cases follow a pattern. A dispute over an interaction with businesses and people whom she seeks out for services escalates into a lawsuit in which she claims damages to her reputation and emotional well-being.

The case is before the court on review under 28 U.S.C. § 1915(e). The court dismissed her initial Complaint with leave to amend. The basis for the dismissal was that the court lacked subject matter jurisdiction because there was not diversity jurisdiction as Plaintiff and the Meinterths were all located in Vermont and there was not federal question jurisdiction because Plaintiff alleged violations of only state law. *See* Doc. 3. The court gave Plaintiff leave to amend and she has done so.

In her Amended Complaint, Ms. Sita alleges that between January 15, 2021 and February 15, 2021, she reserved a room through AirBnB in the Meinterths' home in Pawlet, Vermont. The stay did not go well. She alleges that her room was unheated and that Mr. Meinterth watched her in an unwelcome way when she engaged in a vigorous exercise program at 5 am. She began to fear that Ms. Meinterth would poison her food. She placed a video camera in her room. Her

hosts stole her food and watered down her orange juice. Ms. Sita left the home before the end of her thirty day reservations period and did not receive a refund. It is unsurprising that the Meinterths' review of their guest on the AirBnB site was not positive.

Ms. Sita makes five claims, all under state law. These are claims of discrimination under the Vermont Fair Housing and Public Accommodations Act, 9 V.S.A. § 4503; breach of the warranty of habitability, 9 V.S.A. § 4457; defamation; intentional infliction of emotional distress; and invasion of privacy. She identifies diversity of citizenship as the basis for federal jurisdiction because AirBnB "operates across multiple states." (Doc. 5 ¶ 5.)[1]

The court is required to determine whether it has subject matter jurisdiction. *See D'Amico Dry Ltd. V. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014) (explaining federal courts "have a duty to inquire into their subject matter jurisdiction *sua sponte*"); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The court dismisses the Amended Complaint for lack of diversity. "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). The original Complaint was filed on April 11, 2024. Ms. Sita described herself as a Vermont resident, alleging "[t]his district is vested with jurisdiction as it is the domicile of the plaintiff." (Doc. 4 ¶ 4.) AirBnB is headquartered in California. *Id.* ¶ 19. The Meinterths are alleged to be

---

[1] As she did in her initial Complaint, Ms. Sita also identifies federal question jurisdiction as a basis for the court's subject matter jurisdiction because she "bring[s] forth federal law of The Vermont Fair Housing and Public Accommodations Act [] under 9 V.S.A. § 4503(a)(1)." (Doc. 5, ¶ 3.) A Vermont statute, however, is not a source of federal law and she makes no claim arising under federal law.

residents of Pawlet, Vermont. *Id.* ¶¶ 17–18. On these facts, there was not complete diversity of citizenship because Plaintiff and the Meinterths were all Vermont residents.

At some point in 2024, Plaintiff left Vermont to attend Pepperdine University in California. That move would not create diversity jurisdiction because jurisdiction is established as of the time of original filing and, in any event, Plaintiff and AirBnB would then be residents of California, once again creating incomplete diversity. Ms. Sita has advised the court that, as of January 2025, she again resides in Vermont. She stated that she "respectfully requests the court's understanding in recognizing Plaintiff's domicile in Vermont." (Doc. 6 at 2.) Plaintiff's moves do not create or remove diversity for jurisdictional purposes. *See LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (per curiam) (noting federal courts "assess [] citizenship at the time the complaint was first filed").

In the absence of diversity or federal question jurisdiction, this court lacks subject matter jurisdiction over the case. For this reason, the Amended Complaint must be DISMISSED. *See* Fed. R. Civ. P. 12(h)(3); *see also Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) ("Once a federal court determines it lacks subject-matter jurisdiction, 'the court must dismiss the complaint in its entirety.'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). The dismissal is without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice.")

## CONCLUSION

Upon review under 28 U.S.C. § 1915(e), Plaintiff's Amended Complaint (Doc. 5) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's motion

3

to expedite the case (Doc. 7) is DENIED AS MOOT. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of February, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court